UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| CHAD TWO HEARTS, <br><br> Plaintiff/Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant/Respondent. | 3:23-CV-03027-RAL <br><br><br> OPINION AND ORDER DISMISSING ACTION |

In August 2013, a jury convicted Chad Two Hearts of aggravated sexual abuse of a child. United States v. Two Hearts, 3:12-CR-30108-RAL, Doc. 100.[1] This Court sentenced Two Hearts to 324 months in prison, which was on the low end of the federal sentencing guideline range for Two Hearts's offense and criminal history. CR Doc. 123 at 22, 31–35. Two Hearts appealed, CR Doc. 118, and the United States Court of Appeals for the Eighth Circuit affirmed his conviction. CR Doc. 126.

In March 2016, Two Hearts filed a motion under 28 U.S.C. § 2255 challenging his conviction. Two Hearts v. United States, 3:16-CV-03012-RAL, Doc. 1.[2] This Court issued an opinion and order denying the motion and did not issue a certificate of appealability. CIV Doc. 25 at 16. Two Hearts appealed the dismissal of his § 2255 motion, CIV Doc. 29, and the United

---

[1] Citations to Two Hearts's criminal case hereafter will be "CR Doc." followed by the document number from the Case Management/Electronic Case Filing (CM/ECF) system.
[2] Citations to Two Hearts's 2016 habeas case hereafter will be "CIV Doc." followed by the CM/ECF document number.

States Court of Appeals for the Eighth Circuit dismissed the appeal for lack of jurisdiction as untimely, CIV Doc. 37. Two Hearts has now filed a new action again challenging his 2013 conviction and sentence.[3]

## LEGAL ANALYSIS

### I.     Federal Rule of Civil Procedure 60(b)

According to the caption of Two Hearts's initial pleading, he is seeking relief under Federal Rule of Civil Procedure 60(b) pursuant to newly discovered evidence that was not available to him during his trial. Doc. 1 at 1. Rule 60(b), a rule of civil procedure, does not permit Two Hearts to seek relief from a judgment of conviction. To the extent that Two Hearts is seeking relief from this Court's opinion and order denying his initial § 2255 motion, his motion is denied. Rule 60(b)(2) provides the "court may relieve a party . . . from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" But a Rule 60(b)(2) motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This Court's opinion and order denying Two Hearts's motion under § 2255 and judgment of dismissal were filed on February 22, 2017. CIV Docs. 25, 26. Accordingly, to the extent Two Hearts seeks relief from the dismissal of his initial § 2255 motion, his motion is denied as untimely.

### II.    Successive Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255

Because Two Hearts is proceeding pro se, this Court must construe his pleadings liberally. Smith v. Hundley, 190 F.3d 852, 854 n.7 (8th Cir. 1999). Construed liberally, Two Hearts's recent

---

[3] Citations to pleadings from the present case, 3:23-CV-03027-RAL, in which this Opinion and Order is being entered will be "Doc." followed by the CM/ECF document number.

2

filing appears to be another motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. As noted above, Two Hearts previously filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in March 2016. CIV Doc. 1. In that motion, Two Hearts raised four separate claims of ineffective assistance of counsel, with one of the claims alleging prosecutorial misconduct as well. See CIV Doc. 25 at 7. This Court denied Two Hearts's motion and entered a judgment of dismissal. Id. at 16. In the present action, Two Hearts asserts that there is newly discovered evidence, but instead of describing any newly discovered evidence, he reasserts arguments he raised on direct appeal challenging the sufficiency of the evidence to support his conviction. Doc. 1 at 1–3, 5. The Eighth Circuit summarily rejected these arguments "[b]ecause the evidence presented by the Government at trial, if believed, establishes Two Hearts' guilt beyond a reasonable doubt[.]" United States v. Two Hearts, 585 F. App'x 916, 917 (8th Cir. 2014) (per curiam). Two Hearts raises some of the same claims of ineffective assistance of counsel that this Court rejected when dismissing his first § 2255 motion. Doc. 1 at 3; CIV Doc. 25 at 11–15. Finally, in this action Two Hearts raises claims which he could have, but did not, raise in his first § 2255 motion. Specifically, Two Hearts asserts that he was not tried by a jury of his peers because there were no Native American jurors, accuses this Court of making improper and prejudicial mannerisms and remarks during the trial, and contends that his sentence was excessive and in violation of the Eighth Amendment.[4] Doc. 1 at 4–5.

---

[4] In December 2021, Two Hearts filed a one-page letter asking this Court to "look into any kind of enhancement that was added to [his] sentence and to see if [he] qualif[ies] to have them removed," and to "explain to [him] the what, why [and] how come this is taking place." CR Doc. 136. This Court construed Two Hearts's letter as a motion to modify his sentence, which the Court denied without prejudice to Two Hearts's filing a motion for compassionate release under 18 U.S.C. § 3582. CR Doc. 138 at 2.

The filing of a second or subsequent petition for habeas relief pursuant to 28 U.S.C. § 2255 by a prisoner serving a federal sentence is circumscribed by 28 U.S.C. § 2255(h). Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If a § 2255 motion qualifies as a "second or successive" motion, the failure of the prisoner to first obtain an order of authorization from the appropriate appellate court deprives the district court of subject matter jurisdiction to consider the motion. Burton v Stewart, 549 U.S. 147, 157 (2007) (per curiam). Two Hearts did not obtain an order of authorization from the Eighth Circuit Court of Appeals before filing this action, which the Court finds is a second or successive motion. Thus, this Court does not have subject matter jurisdiction to consider Two Hearts's second § 2255 motion.

### III. Conclusion

Accordingly, it is

ORDERED that Two Hearts's Rule 60(b) motion is denied with prejudice. It is further

ORDERED that his successive or second motion for relief under § 2255 is denied without prejudice to Two Hearts obtaining an order of authorization from the United States Court of Appeals for the Eighth Circuit Court pursuant to 28 U.S.C. § 2244(3).

DATED this  8th  day of December, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE